# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS M. PEREZ,<br><br>        Plaintiff,<br><br>    v.<br><br>UNKNOWN,<br><br>        Defendants. | Case No. CV 18-08535 ODW (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

A "Complaint" was filed herein on October 4, 2018 (ECF No. 1). This document appears to be in the form of a letter, and it fails to name any individual or entity as a defendant. Plaintiff filed the Complaint proceeding *pro se* in this civil rights action. Plaintiff subsequently was granted leave to proceed *in forma pauperis*.[1]

The Court has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) applies to

---

[1] Plaintiff is admonished that, irrespective of his *pro se* status, if plaintiff wishes to proceed with this action, then he must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules"); L.R. 1-3. Pursuant to Fed. R. Civ. P. 10, the body of a complaint must include all defendants listed in the caption of the pleading.

any action by a litigant who is proceeding *in forma pauperis*. *See, e.g., Shirley v. Univ. of Idaho*, 800 F.3d 1193 (9th Cir. 2015) (citing 28 U.S.C. § 1915(e)(2) and noting that a "district court shall screen and dismiss an action filed by a plaintiff proceeding *in forma pauperis*"); *Lopez v. Smith*, 203 F.3d 1122, 1127, n.7 (9th Cir. 2000) ("section 1915(e) applies to all *in forma pauperis* complaints" and "district courts [should] dismiss a complaint that fails to state a claim upon which relief may be granted") (en banc). Following careful review of the Complaint, the Court finds that fails to comply with Rule 8 because it fails to state a short and plain statement of each claim that was sufficient to give a defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. In addition, its allegations appear insufficient to state any claim upon which relief may be granted.

The Court's screening of the pleading under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is

2

plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) ("Rule 8") states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for

3

each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Following review of the Complaint, the Court finds that it fails to comply with Rule 8 because it fails to state a short and plain statement of each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Additionally, the factual allegations in the Complaint appear insufficient to state any federal claim upon which relief may be granted. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint ("FAC"), or fails to remedy the

deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without further leave to amend.[2]

## **DISCUSSION**

The Complaint filed by plaintiff fails to purport to set forth a short and plain statement of any claim. Further, the document does not name any defendant, nor seek any relief. Accordingly, the Complaint fails to state any federal civil rights claim, and it violates Rule 8 because it fails to allege a minimum factual and legal basis for any federal civil rights claim.

Plaintiff's pleading violates Rule 8 because it fails to name a defendant(s) and fails to allege a minimum factual basis for any claim that is sufficient to give any defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them).

In an opening paragraph, plaintiff mentions "excessive force/mental health denial [sic]" by the "Azusa California Police Department" (ECF No. at 1), and

---

[2] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned District Judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the District Judge as provided in the Local Rules Governing Duties of Magistrate Judges.

subsequent paragraphs refer to the Azusa Police Department and unnamed police officers and officials. However, the Complaint does not name anyone or any entity as a defendant. As noted above, because plaintiff is a *pro se* litigant, the Court must construe the factual allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Further, plaintiff's Complaint must be adequate to meet the minimal requirement of Rule 8 that a pleading set forth sufficient factual allegations to allow each defendant to discern what he or she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). In addition, the Supreme Court has held that, while a plaintiff need not plead the legal basis for a claim, the plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform the defendants of the "factual basis" of each claim. *Johnson*, 135 S. Ct. at 347.

To the extent that plaintiff wishes to raise a federal civil rights claim, plaintiff should name specific individuals or entities as defendants and should set forth a short and plain statement of each such claim showing that a specific defendant took a specific action, participated in another's action, or omitted to perform an action that caused each alleged constitutional deprivation. Additionally, to state a federal civil rights claim against a particular defendant, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Here, plaintiff has failed to allege that any defendant, while acting under color of state law, took an affirmative act, participated in another's affirmative acts, or omitted to perform an act that he or she was legally required to do that caused a specific deprivation of which plaintiff complains. In addition, it is altogether unclear the number of claims that plaintiff is purporting to raise. Plaintiff's Complaint fails

to allege, "simply, concisely, and directly," events sufficient to allow any defendant to discern the "factual basis" of each claim. *Johnson*, 135 S. Ct. at 347.

Moreover, to raise a federal civil rights claim against a local government entity such as a city and its police department, the local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("local governments are responsible only for their own illegal acts"). Plaintiff may not hold the City of Azusa liable for any allegedly unconstitutional conduct by its employees. And, the Complaint fails to set forth any factual allegations that a specific policy or custom promulgated by the City of Azusa was the "actionable cause" of a specific constitutional violation. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation.").

Accordingly, the Court finds that plaintiff's Complaint violates Rule 8 because it fails to name any defendant and fails to set forth a simple and direct statement of the factual basis of any claim that is sufficient to allow a defendant to discern what he or she is being sued for.

For these reasons, the Court finds that plaintiff's Complaint violates Rule 8 and fails to state a claim against any defendant upon which relief may be granted.

\*\*\*\*\*\*\*\*\*\*\*

If plaintiff still desires to pursue this action**, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order**, remedying the pleading deficiencies discussed above. The First Amended Complaint

7

should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original complaint, or any other pleading, attachment, or document. Additionally, plaintiff is admonished that he must comply with the Local Rules regarding the format of a pleading, such as L.R. 11-1, which requires that plaintiff must sign and date his pleading, if he decides to file a First Amended Complaint. (*See* L.R. 11-1.)

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that, if he desires to pursue this action, he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of his pleading as discussed herein, the Court will recommend that the action be dismissed on the grounds set forth above and for failure to diligently prosecute.

In addition, if plaintiff no longer wishes to pursue this action, then he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED.**

DATED: 11/16/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachment:  Civil Rights Complaint (Form CV-066)
Notice of Dismissal (Form CV-009)